REIGART, Appellant, vs. Ross and others, Respondents.

*May 6 — June 1, 1885.*

*(1) Trustee of express trust: Appointment of successor: Notice. (2) Ap-
peal from order: Questions considered.*

1. Upon the death of the surviving trustee of an express trust, the cir-
   cuit court may appoint a successor, without notice to all parties
   interested or a formal hearing.  Sec. 2098, R. S.
2. Pending an action to set aside and annul a deed of trust the circuit
   court denied a motion of the plaintiff to set aside an order ap-
   pointing a trustee in place of one deceased.  On appeal from the
   order denying such motion this court declines to consider any of
   the questions involved in the action to annul the trust deed.

APPEAL from the Circuit Court for *Rock* County.
The facts are stated in the opinion.

*William Ruger*, for the appellant.

For the respondents there was a brief by *Winans, Fethers & Jeffris*, and oral argument by *Mr. Winans*. To the point that notice was not necessary to the appointment of a successor to a deceased trustee, they cited *Holden v. N. Y. & E. Bank*, 72 N. Y. 286; *In re Robinson*, 37 id. 261; Perry on Trusts, sec. 282.

Counsel upon both sides also argued at length the questions involved in the action to annul the trust deed and assignment executed by the appellant to S. H. Slaymaker, relating to the construction and validity of certain provisions of the will of E. C. Reigart, deceased, etc.

Orton, J. It appears on the 24th day of December, 1881, the appellant, *James H. Reigart*, made to one S. H. Slaymaker a deed of trust of certain lands in Rock county, for the purpose of securing and paying to *Henry M. Reigart* and *Sarah F. McLenegan* certain moneys claimed to have been lost through the mismanagement of said appellant and one *John Reigart*, their trustees, under the will of their father, E. C. Reigart, deceased; and that on the 7th day of January, 1882, the appellant made an assignment in trust to the said Slaymaker of certain stocks and other personal property, for the same uses and purposes; and that said Slaymaker died on the 12th day of December, 1882. And it appears further that on the 2d day of January, 1883, the said *Henry M. Reigart* and *Sarah F. McLenegan*, by their petition, made known to the circuit court the death of said Slaymaker, said trustee, and asked for the appointment of some suitable person to execute said trusts under the direction of the court; and that the court thereupon appointed the respondent *Chauncy Ross*, as such trustee, and thereafter ordered said *Ross* to pay and distribute the moneys then in his hands as such trustee in accordance with the terms of such trusts.

On the 5th day of February, 1883, the appellant procured an order or rule upon the said respondents to show cause why said orders should not be vacated and set aside, etc. It appears that before said rule to show cause was brought on to be heard, the appellant commenced a suit in the circuit court against said respondents and others, charging in his complaint, among other things, that said deed and assignment in trust were procured by fraud, and for that and other reasons they were void, and praying that said deed and assignment be adjudged null and void, and be delivered up to be canceled, and that said order appointing said respondent *Chauncy Ross* such trustee be vacated and set aside, and that he account and pay over to the plaintiff all the moneys which have or may come into his hands as such trustee. The respondents *Henry M. Reigart* and *Sarah F. McLenegan* answered, denying the facts and equities of said complaint. It appears that, at the hearing of said rule to show cause, said complaint and answer, and their exhibits, and the will of E. C. Reigart, deceased, and its construction, were considered as grounds thereof. The order to show cause was discharged and vacated, together with an injunctional order or stay of proceedings allowed thereon, and an order was made that said trustee, *Chauncy Ross*, do not make any distribution of any moneys or property now in, or which may come into, his hands, until the further order of the court. From the order so discharging and vacating the order to show cause this appeal is taken.

This history of the proceedings was necessary to make the decision of this court intelligible. The decision of any questions involved in the above-mentioned suit, before a final hearing thereof on its merits by the circuit court, or by this court, upon this mere motion to set aside an order appointing a trustee in place of one deceased, would be in our opinion highly improper. To hear that cause in whole or in part on such an independent motion to set aside an order,

which at most was merely prudential and provisional, to take care of and preserve the property in dispute, would be an irregular interference with and prejudgment of the matters therein involved, and would not prevent a reconsideration of the whole matter on the final hearing by the circuit court. The proper construction of such a will, and the large interests involved, and the number of persons interested in the estate, as well as the value of the property so held in trust, are matters of too grave an importance to be lightly and partially disposed of on a mere motion like this, and pending a suit in equity ready for a hearing in which all these grave matters must be finally considered on all the facts. We think that the order appointing the respondent *Ross* trustee in the place of Slaymaker, deceased, was most properly and judiciously made, and that no notice of it was necessary to be given to the plaintiff, and that it is highly proper that the lands, property, and money so conveyed in trust by the plaintiff should remain in the hands of a trustee pending that suit. Such a trustee under the statute is the mere hand of the court in which the trusts repose upon the death of the trustee appointed by the deed; and the assignment and the trust, as well as the conduct of the trustee, are subject to the constant supervision of the court.

Sec. 2094, R. S., provides that "upon the death of the surviving trustee of an express trust, the trust shall not descend to his heirs or pass to his personal representatives; but the trust, if then unexecuted, shall vest in the circuit court, with all the powers and duties of the original trustees, and shall be executed by some person appointed for that purpose under the direction of the court." It will be seen that the trusts *vest* in the circuit court *immediately*, on the death of the surviving trustee, and it is a necessity that some person be appointed *at once* to execute such trusts under the direction of the court, or there will be an entire suspension of their execution, which might work mischief and loss to the

interests of the *cestui que trust*, and injure or embarrass the trust estate. It is an emergency in which delay for the purpose of notice and a formal hearing might be hazardous in the extreme. The whole discretion and responsibility for such action are imposed upon the court. By sec. 2098, on the appointment of a *new trustee* in the place of one *declin-. ing to act*, notice to all parties interested is specially required. This, by a familiar rule, excludes this requirement in such a case as this, because not expressed. The court directed that the said trustee should make no distribution of any moneys or property in his hands, or which may come into his hands, until further order. That is quite sufficient to secure the rights of all the parties to that suit until its final disposition, and is all they could reasonably ask.

*By the Court.*— The order of the circuit court is affirmed.

CASSODAY, J., took no part.